IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.

Case No.: 23-cr-39-wmc

GUSTAVO REYES,

Defendant.

## PLEA AGREEMENT

1. This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to waive indictment and plead guilty to the one-count information filed by the United States Attorney's Office. This count charges a violation of Title 26, United States Code, Section 7201, which carries maximum penalties of five years in prison, a $250,000 fine, a three-year period of supervised release, a $100 special assessment, the entry of an appropriate restitution order, and the costs of prosecution. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The

defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

During the timeframe of the information, the defendant owned and operated Reyes Drywall and Elite Drywall LLC, both sole proprietorship drywall installation businesses that operated in and around Dane County, Wisconsin. The defendant operated his business as Reyes Drywall during 2013 and 2014 and as Elite Drywall, LLC during 2013, 2014, 2016, and 2017.

On his self-prepared income tax returns filed with the Internal Revenue Service (IRS) for the 2013 and 2014 tax years, the defendant included a Schedule C for Reyes Drywall which reported profits, taxable income, and related taxes. In 2015, the IRS commenced a civil audit of the defendant's income tax returns for 2013 and 2014 and determined that he had significantly underreported his income for those years. Between 2015 and 2019, the IRS sent multiple notices to the defendant regarding tax deficiency assessments for the 2013 and 2014 tax years but he did not respond.

On December 22, 2014, the IRS filed a tax lien for tax year 2013 against the defendant in attempt to collect tax due and owing. On February 9, 2017, the IRS filed a tax lien for tax year 2014 against the defendant.

On October 16, 2018, the IRS sent the defendant a letter requesting that he file income tax returns for the 2016, 2017, and 2018 tax years. Between November of 2018 and April of 2019, an IRS Revenue Agent filed levies on several business accounts related to the defendant's drywall business. On May 3, 2019, the IRS filed an amended tax lien against the defendant in Dane County for the 2013 and 2014 tax years.

On October 12. 2019, the defendant used an accountant in Dane County to file his income tax returns with the IRS for the 2016, 2017, and 2018 tax years. However, the defendant failed to pay to the total amount due and owing for these tax years.

Beginning with tax year 2018 and continuing to 2020, the defendant worked with others to create five nominee entities in Dane County through which he operated his drywall business, including Royal LLC, American Drywall, and Morales Construction. By operating his drywall business through the nominee entities, the defendant attempted to defeat IRS Collection efforts for tax years 2013, 2014, 2016, 2017, and 2018.

For the years 2013-2018 Reyes owed of $557,907.19 of tax due and owing and as of March 9, 2023, has never made a voluntary payment to the IRS.

Dane County, Wisconsin, is within the Western District of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

6. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7. **TAX LOSS AND COOPERATION WITH IRS REVENUE PROCESS:** The parties agree that for purposes of computing the advisory sentencing guidelines, the tax loss amount (including relevant conduct) is $557,907.19. The defendant agrees to cooperate with the Internal Revenue Service (IRS) examination division in determining his correct civil tax liability for the years 2013, 2014, 2016, 2017, and 2018. The defendant agrees the IRS examination division may use information obtained as a result of this criminal investigation (including grand jury information) in a civil audit of the above-stated tax years.

8. The defendant agrees that he owes $557,907.19 in restitution to the IRS. The defendant and the United States agree that he will make all IRS restitution payments through the Clerk of Court for the Western District of Wisconsin. The parties further agree the Court-ordered restitution to the IRS will be paid before amounts owed or assessed in connection with any IRS civil collection efforts relating to the tax years 2013, 2014, 2016, 2017, and 2018. The United States further agrees that if the defendant inadvertently pays funds to the IRS relating to these tax years before the Court-ordered IRS restitution is satisfied, that amount will be credited toward the defendant's Court ordered IRS restitution.

9. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement

3

and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before April 21, 2023.

10. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

11. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

12. **SENTENCING RECOMMENDATIONS:** The United States agrees to recommend that the Court impose a custodial sentence of no more than two years. The defendant acknowledges his understanding that other than the recommendation for a sentence of no more than two years in prison, the United States has made no promises or guarantees regarding the sentence that will be imposed. The defendant also acknowledges his understanding that the Court may not accept the recommendations, which may be made by the United States, and that the Court can impose any sentence up to and including the maximum penalties set out above.

13. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

14. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

Date: 5-2-23

By: *[signature]*
AARON WEGNER
Assistant United States Attorney

Date: 4/23/23

*[signature]*
WILLIAM JONES
Attorney for the Defendant

Date: 04-25-23

*[signature]*
GUSTAVO REYES
Defendant

## ACKNOWLEDGEMENTS

I, GUSTAVO REYES, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

04-25-23
Date

GUSTAVO REYES
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4/27/23
Date

WILLIAM JONES
Attorney for Defendant

6